THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID A. SCOTT and others, Appellants, v. THE BOARD OF SUPERVISORS OF ORANGE COUNTY, Respondent.

*Appeal from the determination of commissioners of highways — fees of referees, when a county charge — sect. 9 of chap. 455 of 1847 — Denial of an application for a mandamus — when not a bar to a second application.*

The term "reversed," as used in section 9 of chapter 455 of 1847, providing that when, on appeal from the determination of commissioners of highways, such determination is reversed, the fees of the referees shall be a county charge, embraces the case in which the determination is reversed in part, as well as that in which it is reversed entirely.

The relators, referees appointed to hear an appeal taken by one Stillman from the determination of commissioners of highways, applied for a *mandamus* to compel the board of supervisors to audit and allow, as a county charge, their fees for hearing and deciding the same. The application was denied on the ground that it appeared from the papers that the appeal was taken from the whole of the determination of the commissioners, and that such determination had been affirmed in part and reversed in part.

Subsequently this application was made upon papers showing that, in fact, Stillman had appealed only from a part of the determination of the commissioners; and had on such appeal been wholly successful.

*Held,* that the denial of the former application was not a bar to this one.

That as the determination of the commissioners had been reversed as to that part appealed from, the fees of the referees were a county charge.

APPEAL from an order dismissing an alternative writ of mandamus, and denying the relators' motion for a peremptory one.

On September 10, 1874, the commissioners of highways of the town of Cornwall, Orange county, laid out a certain highway in that town. One Charles Stillman, conceiving himself aggrieved, appealed to the county judge from a portion of the commissioners' determination. The county judge duly appointed the relators herein, as referees to hear the appeals which might be taken from the determination of the commissioners of highways, but no other appeal than that of Stillman was taken. The referees heard the appeal, and on September 7, 1875, filed their decision, reversing that portion of the determination of the commissioners which had been appealed from.

The referees then presented a bill to the board of supervisors of the county for their fees at the rate of seventy-five dollars

each ; which claim was rejected on the 6th day of December, 1878, by a resolution of the board denying the liability of the county. An application was then made to the court for an alternative writ requiring the board to audit the referees' bill, which was granted ; but on its return, it appearing on the face of the papers that Stillman's appeal was from the entire determination of the commissioners of highways, and that that determination had been affirmed in part and reversed in part, the alternative writ was quashed. From this decision an appeal was taken by the relators to the General Term.

At that time it was believed that the appeal taken by Stillman was of the nature indicated ; but it was subsequently ascertained that he had in reality appealed from a part only of the determination of the commissioners of highways, and that his appeal was, therefore, entirely successful. The relators then discontinued the appeal, and this application was made to the court on an affidavit setting up the facts subsequently ascertained. The board made return to the writ, alleging the former proceedings as a bar, and in compliance with that view an order was granted dismissing the alternative writ, and denying a motion for a peremptory one.

*M. H. Hirschberg*, for the appellants. The referees' fees are charges upon the county. (1 R. S , title 1, art. 4, chap. 16, part 1, § 86; chap. 180, Laws of 1845; chap. 455, Laws of 1847; *People* v. *Commissioners of Highways*, 8 N. Y., 481; *People* v. *Baker*, 19 Barb., 240.) The former proceedings did not constitute a bar. There was no adjudication in the technical sense. The utmost that can be claimed is, that in effect and in law the respondent by its alleged return merely moved to quash the alternative writ, on the ground that on its face it made out no case ; which motion was granted. (*Commercial Bank* v. *Canal Commissioners*, 10 Wend., 25; *People* v. *Supervisors of Ulster*, 32 Barb., 473; 20 How., 206; 2 R. S., part 3, title 2, chap. 9, §§ 54, 55, 56, 57; *Bissell* v. *Kellogg*, 60 Barb., 617; *Lanigan* v. *The Mayor*, etc., 70 N. Y., 454.) But even admitting that the return to the first writ is to be regarded as a demurrer, no estoppel exists ; for judgment on demurrer is never a bar to another action, unless the second action present the precise case

made by the pleadings in the first. (*Stowell* v. *Chamberlain*, 60 N. Y., 272; *Burdick* v. *Post*, 12 Barb., 168; *Manny* v. *Harris*, 2 Johns., 24; *Snider* v. *Croy*, 2 id., 227, and cases cited; *Lampen* v. *Kedgewin*, 1 Mod., 207.) A judgment rendered on any issue, whether of fact or of law, is no bar unless the same question is twice presented. (*Sintzenick* v. *Lucas*, 1 Espinasse, 43; *Young* v. *Rummell*, 2 Hill, 481; *Lawrence* v. *Hunt*, 10 Wend., 83; *Smith* v. *Weeks*, 26 Barb., 463; *Yates* v. *Lyon*, 61 id., 205; *Mason's Executors* v. *Alston*, 9 N. Y., 28; *Dunckel* v. *Wiles*, 11 id., 420; *Sweet* v. *Tuttle*, 14 id., 465; *Campbell* v. *Consalus*, 25 id., 613; *Rockwell* v. *Brown*, 36 id., 207; *People* v. *Johnson*, 38 id., 63; *Woodgate* v. *Fleet*, 44 id., 1; *Sager* v. *Blain*, id., 445; *Bennett* v. *Cook*, 45 id., 268; *Malloney* v. *Horan*, 49 id., 111; *Matter probate will Frederick Diez*, 50 id., 88; *Brinkley* v. *Brinkley*, id., 184; *East N. Y. and J. R. Co.* v. *Elmore*, 53 id., 624; *Pullman* v. *Alley*, 53 id., 637; *Rathbone* v. *Honey*, 58 id., 463; *Fisher* v. *Hope Mut. Life Ins. Co.*, 69 id., 161; *Douglass* v. *Ireland*, 73 id., 100.) The order constitutes no bar to subsequent proceedings, for the reason that it was not in favor of the respondent, generally, on the merits, but merely dismissed the alternative writ and denied the motion for a peremptory one; it was analogous and equivalent to a judgment of nonsuit or one dismissing a complaint; and such a judgment is no bar whether granted before or after trial. (*Harrison* v. *Wood*, 2 Duer, 50; *Ripley* v. *Hazelton*, 3 Daly, 329; *Brintnall* v. *Foster*, 7 Wend., 103; *Robbins* v. *Wells*, 1 Robt., 666; *Robbins* v. *Wells*, 26 How., 15; *Mechanics' Banking Association* v. *Mariposa Co.*, 7 Robt., 225; *Dexter* v. *Clark*, 22 How., 289; *Wheeler* v. *Ruckman*, 35 id., 350; *Gillilan* v. *Spratt*, 41 id., 27; *Coit* v. *Beard*, 33 Barb., 357; *Dexter* v. *Clark*, 35 id., 271; *Harvey* v. *Large*, 51 id., 222; *Burwell* v. *Knight*, 51 id., 267; *White* v. *Madison*, 26 N. Y., 117; *Harris* v. *Harris*, 26 id., 433; *Audubon* v. *Excelsior Ins. Co.*, 27 id., 216; *People* v. *Vilas*, 36 id., 460; *Wheeler* v. *Ruckman*, 51 id., 391; *Harris* v. *Delaware, Lackawanna and West. R. Co.*, 61 id., 656; *Matter of Spellman* v. *Terry*, 74 id., 448; *Beebe* v. *Bull*, 12 Wend., 504; *Bull* v. *Hopkins*, 7 Johns., 22; *Wolf* v. *Washburn*, 6 Cow., 262.) An application for a writ of mandamus is a motion within the spirit of section 401 of the Code.

(*People ex rel. Cagger* v. *Supervisors*, 1 Abb. [N. S.], 78.) An order on a motion is not conclusive, as an adjudication, as to a fact which might have been, but which was not, actually litigated. The motion may always be renewed upon a different state of facts, or by supplying defects in proof. (*Smith* v. *Spalding*, 3 Robt., 615; *Dickerson* v. *Gilliland*, 1 Cow., 482; *Van Rensselaer* v. *Sheriff of Albany*, 1 id., 512; *Snyder* v. *White*, 6 How., 321; *Mack* v. *Patchin*, 29 id., 29; *Belmont* v. *Erie Railway Co.*, 52 Barb., 637; *Brinkley* v. *Brinkley*, 47 N. Y., 49; *Brinkley* v. *Brinkley*, 50 id., 184; *Book* v. *Moss*, 70 id., 466; *Riggs* v. *Pursell*, 74 id., 370; *Simson* v. *Hart*, 14 Johns., 63–76; *Arden* v. *Patterson*, 5 Johns. Ch., 44; *Hackett* v. *Connett*, 2 Edw., 73.) Proceedings upon mandamus, and other prerogative writs such as prohibitions and habeas corpus are not in their nature conclusive, at least, until a final and definitive judgment has been passed. (*Suart* v. *Wolfe*, 3 T. R., 340; *Le Caux* v. *Eden*, Doug., 620, note; *Yates* v. *People*, 6 Johns., 338, 339, 430, 431, 445, 468; *People* v. *Kelly*, 1 Abb. [N. S.], 438; *People* v. *Fancher*, 1 Hun, 27; *Hughes* v. *Blake*, 1 Mason, 519; *Carmony* v. *Hoober*, 5 Barr., 305; *Quackenbush* v. *Ehle*, 3 Barb., 469; *Kirkpatrick* v. *Stingley*, 2 Carter, 269.)

*George W. Greene*, for the respondent. The appeal should be dismissed and the order or judgment appealed from affirmed : 1. Because a motion once denied cannot be renewed without leave granted. (*Dollfus* v. *Frosch*, 5 Hill, 493; *Willett* v. *Fayerweather*, 1 Barb., 72; *Harker* v. *McBride*, 1 How. Pr., 108; *Pike* v. *Power*, id., 164; *Bascomb* v. *Feazler*, 2 id., 16.) 2. Nor can it be renewed on substantially the same facts without leave of the court. (*Hall* v. *Emmons*, 39 How. Pr., 187; *Snyder* v. *White*, 6 id., 321; *Smith* v. *Spaulding*, 3 Rob., 615; 30 How., 334; *Bellenger* v. *Martindale*, 8 id., 113; *Mills* v. *Thursby*, 11 id., 114.) The facts upon which this motion was made for a peremptory mandamus were and are the same as those in the former motion, save the notice of appeal. (*Patterson* v. *Bacon*, 21 How. Pr., 478; 22 Abt. Pr., 142.) But if this case is to be considered upon its merits, the order or judgment should be affirmed : 1. Because the board of super-

visors is a body of inferior jurisdiction and power, having no authority or power, except it be given by legislative enactment. (*People* v. *Lawrence*, 6 Hill, 244; *Board of Supervisors of Richmond Co.* v. *Ellis*, 59 N. Y., 620; *People ex rel. Hadley* v. *Supervisors of Albany Co.*, 28 How. Pr., 22; *People* v. *Stocking*, 50 Barb., 573.)    2. The act providing for the appointment of referees in such cases of appeal has made no provision for their compensation in cases where the order appealed from is reversed in part and confirmed in part, as was done by the appellants in this case.    No fees of county or town officers are chargeable upon the county, except as expressly provided by law.    (§ 23 of act of 1845, chap. 180; § 8 of chap. 835, Laws of 1869; *Board of Supervisors of Richmond County* v. *Ellis*, 59 N. Y., 620.)

Gilbert, J. :

We think that the former adjudication in this matter does not affect this proceeding.    The question then before the court was whether the fees of referees were a county charge, when the appeal was from the entire determination of the commissioners, and such determination had been reversed only in part.    The question now arises indeed upon the same appeal, but it has turned out to be an appeal only from that part of such determination which affects the appellant's yard and enclosure.    That question was not involved in the former proceeding, and could not have been adjudicated therein.    Such proceeding is not, therefore, a bar.    " If a man mistakes his declaration and defendant demurs, there is no doubt but that the plaintiff may set it right in a second action."    (Vin. Ab. Judgt., 2, 4 ; Chit. Pl., 227 ; *Gilman* v. *Rives*, 10 Pet., 301 ; *Wilbur* v. *Gilmore*, 21 Pick., 253 ; *Dutchess of Kingston's Case*, 2 Smith Lead. Cas. [6th Am. ed.], 808; *Stowell* v. *Chamberlain*, 60 N. Y., 272.)

The referees reversed that part of the determination of the commissioners which was embraced in the appeal.    The statute governing this case expressly authorizes an appeal to reverse a determination of this kind in part.    (Laws 1847, chap. 455, § 8; 1 R. S., 518, § 86.)    It also provides that when such determination shall be reversed the fees of the referees shall be a county charge. (Laws 1847, chap. 455, § 9.)    The true interpretation of this sec-

tion is that the fees of the referees shall be a county charge when the appellant succeeds on his appeal. The Legislature evidently intended to provide for the payment of such fees, either by the appellant or by the county upon every appeal. But in this case the appellant clearly is not liable, because the determination was modified and not confirmed. Such modification was in legal effect a reversal *pro tanto*. The statute giving the appeal and that fixing the fees of the referees and providing for their payment are in *pari materia*, and the intention of the Legislature may properly be gathered from both. (*Smith* v. *People*, 47 N. Y., 330.) Taking those statutes together we think it is quite evident that the word " reversed " was intended to embrace a reversal in part as well as an entire one. " When the Superior Court gives a judgment different from the inferior, they are said to reverse the proceeding." (Bouv. Law Dic., tit. Reversal.)

The order should be reversed, and a peremptory writ should issue, with costs.

PRATT, J., concurred ; BARNARD, P. J., not sitting.

Judgment reversed, and peremptory writ of mandamus issued, with costs, with leave granted to appeal to Court of Appeals.